## Joseph Wierzbicky v. Illinois Steel Co.

1. PERSONAL INJURIES—*Contributory Negligence—No Recovery.*—A person can not recover in an action for personal injuries if the evidence shows that he was guilty of any negligence which contributed in any degree to his injury.

2. SAME—*Imminent and Apparent Danger, a Question of Fact.*— When the evidence tends to show that a person suing for personal injuries knew of the condition of the appliance by which he was injured and which he had used prior to the time of his injury, it is a question of fact for the jury to determine whether the danger from the use of the appliance was so imminent and apparent that no man of ordinary prudence, having knowledge of it, would have incurred it.

3. VERDICTS—*Erroneous Instructions, When Harmless Error.*— When erroneous instructions are given, the verdict of the jury should not be permitted to stand unless it is plain from the record that it must have been what it was in spite of the instructions.

Trespass on the Case, for personal injuries. Error to the Superior Court of Cook County: the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed April 8, 1901.

Statement by the Court.—Plaintiff in error was injured January 16, 1897, while in the employ of defendant in error as a laborer at its steel works, by having his hand caught in a rope which revolved on a cylinder or spool, necessitating its amputation. He began suit against the company, a trial of which before the court and a jury resulted in a ver-

dict finding the defendant not guilty and judgment thereon, from which this writ of error is prosecuted.

The declaration as amended consists of five counts, in the first of which the negligence alleged is in substance that defendant negligently and wrongfully furnished and provided the plaintiff with a certain rope which was split or raveled and was untwisted and in strands, and by reason of its said condition plaintiff's hand was caught and pulled upon the spool and under the rope, and that thereby the injury was caused; the second count charges negligence in operating the spool with a rope that was raveled, split and frayed; the third is the same as the first, except it charges negligence in failing to warn plaintiff of the dangerous condition of the rope; the fourth is the same as the first, except that it charges negligence in failing to instruct the plaintiff, and the fifth the same as the first, except that it charges that the defendant negligently and wrongfully ordered the plaintiff to operate the said rope so raveled and frayed and to hold it taut about the said spool. The plea was the general issue.

Among others, the court gave the following instructions for defendant in error: .

" 7. The jury are instructed that even if they believe from the evidence that the rope used by the plaintiff, at the time of this accident, was raveled, split, frayed or untwisted, yet if they further believe from the evidence that such condition of said rope was open and apparent to the observation of the plaintiff, and that before the happening of the injury he had a reasonable opportunity to observe the same, and the danger, if any, caused thereby, then the plaintiff can not recover for any injury that may have been occasioned merely by the rope being in such raveled, split or frayed or untwisted condition."

" 8. The jury are instructed that if they believe from the evidence that the plaintiff in this case was guilty of any negligence which contributed in any degree to the injury of which he complains, then he can not recover in this case, and your verdict should be for the defendant."

The court also gave to the jury, upon its own motion, the following instruction:

"9.  The court instructs the jury as a matter of law that if an employe in the course of his employment is through his own negligence or through a pure and simple accident injured, then he can not recover damages for such injury from his master any more than he can from any one else; for where there is no blame there is no liability.

And the jury are further instructed that in a case such as this the happening of an injury, alone and of itself, does not afford any proof of, or evidence tending to show negligence or omission of duty on the part of the employer or cast any liability for compensation on him.   Before a servant can recover from his master for an injury sustained while in his employ, he must, by a preponderance of the evidence, show that the master has in some act or omission been negligent and thereby caused the injury.

The jury are further instructed that they must not, to any extent, be influenced by mere sympathy in arriving at a verdict, for any verdict based upon mere sympathy is of no effect.   Every verdict must be based upon some logical and reasonable theory under the evidence and upon a preponderance thereof."

IVES & TONE and H. M. ASHTON, attorneys for plaintiff in error.

KEMPER K. KNAPP, attorney for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

For plaintiff in error, it is claimed that the court erred in giving the instructions quoted in the statement above, and in refusing to permit a certain question on cross-examination to be answered.

It is said that the seventh instruction is erroneous in that it singles out particular portions of the evidence and says that that evidence alone does not warrant a recovery, while excluding other evidence bearing upon the same subject. We do not think this instruction is erroneous, for this reason: because it appears from all the counts of the declaration, as well as from the evidence in the record, that the frayed and raveled condition of the rope was the very basis of plaintiff in error's action, without the showing of which there could have been no action sustained under the plead-

ings and the evidence offered. There was no evidence of a failure to warn the plaintiff, nor of a failure to instruct him.

There was, however, evidence of the plaintiff himself, that he was ordered by defendant's foreman to use the rope in question in his work, and that said foreman stood a little way from plaintiff and "was hollering" to plaintiff to go on with his work, and that the rope was, at the time, in an untwisted, loose and raveled condition for at least six or seven inches. The plaintiff is corroborated as to the conditions of the rope. This evidence is strongly controverted by that of the defendant, both as to the order to plaintiff and as to the condition of the rope.

In view of the conflict in the evidence as to whether the plaintiff was ordered to use the rope in the condition which the evidence tends to show it was, we think said seventh instruction was erroneous in omitting therefrom all reference to such alleged order and plaintiff's right to a recovery by reason thereof, under the circumstances shown.

The evidence tends to show that plaintiff knew of the condition of the rope, which he had used prior to the time of the injury, and while there is no serious conflict in that regard in the evidence, we think it was a question of fact for the jury to determine, whether the danger from the use of the rope was so imminent and apparent that no man of ordinary prudence, having knowledge of it, would have incurred it. This being so, and there being evidence, though controverted, that plaintiff used the rope under a special and imperative order of defendant's foreman, this instruction was calculated to mislead the jury into the belief that plaintiff had no right of recovery if he knew of the condition of the rope, or that, before the injury, he had a reasonable opportunity to observe it and the danger which would be incurred by its use, irrespective of any order given by the defendant's foreman to the plaintiff to use it. As said in the case of Offutt v. World's Columbian Exposition, 175 Ill. 472-80, " the plaintiff was not required by law to disobey his master, or by obeying assume the hazard of obedience, unless the danger was so imminent

that an ordinarily prudent man would not incur it." This was said with reference to a servant who himself pointed out to the master's foreman the danger of a certain course of conduct and was, notwithstanding, ordered by the foreman to pursue that course of conduct, by reason of which he was injured.

The eighth instruction was properly given, and the law with reference thereto, viz., that the plaintiff can not recover if the evidence shows that he was guilty of any negligence which contributed in any degree to his injury, is stated in the case of Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81, and cases therein cited.

Numerous objections are made by plaintiff in error to instruction 9, which was given by the court of its own motion, but after careful consideration we are of opinion that the instruction does not present any ground for reversal. The first clause of the instruction, however, in which it says in substance that an employe who is injured "through a pure and simple accident," can not recover for such injury from his "master any more than he can from any one else, for where there is no blame there is no liability," should perhaps have been a little more explicit as to the negligence of the defendant. The injury might have occurred by an accident pure and simple, and still the defendant might be held liable if it was negligent and the negligence caused the injury. There may be some doubt as to whether the use of the words, "Where there is no blame there is no liability," made the instruction sufficiently explicit on the point of defendant's negligence, but we do not regard this part of the instruction calculated to mislead the jury. We think there is no ground for objection to the remainder of the instruction.

On cross-examination of the witness Key, the court refused to allow him to answer a question as to whether he told certain persons, at a time named, that he signed a statement for the company as to how the accident happened, and it is said that this refusal was error. We can not assent to the contention, for the reason, first, that in

substance the same question had been previously answered, and moreover the witness had previously testified as to how the accident happened, and no claim was made that any statement he had signed in any way conflicted with his testimony.

Defendant in error claims that even if errors were committed as claimed, they were not cause for reversal, because the evidence, it is said, shows clearly and conclusively that in any event there could be no recovery, and that whatever the condition of the rope the plaintiff assumed all risk incident thereto. We deem it unnecessary to go into any detail of the evidence bearing on these claims, as it seems sufficient to say, which is a fact, that we have carefully considered the evidence and are of opinion that so far as concerns the matter of assumption of risk, it presents a question of fact for the jury, and we are unable to say that the jury might not have reached a different verdict under proper instructions. When erroneous instructions are given, the verdict of the jury should not be allowed to stand unless it is plain from the record that the verdict must have been what it was in spite of the error. Hodges v. Percival, 132 Ill. 57; Howe v. Medaris, 183 Ill. 296.

Other matters presented by the briefs of counsel need not be considered, as they may not occur on another trial.

For the error in the seventh instruction the judgment will be reversed and the cause remanded.