## John Fitzgerald v. A. E. Hedstrom et al., doing business as E. L. Hedstrom & Co.

1.  SPECIAL FINDINGS—*Rendition of Judgments Upon.*—Where a special finding is sustained by the proofs and is contrary to the general verdict in the case, the court will be justified, under the statute, in rendering a judgment on the special finding.

2.  ORDINARY CARE—*In Actions for Personal Injuries.*—In an action for personal injuries occasioned by the negligence of another, it is indispensable that the exercise of ordinary care be shown by the party injured.

3.  EVIDENCE—*Photographs, When Admissible.*—In an action for personal injuries where photographs offered in evidence are shown to be a correct representation of the premises where the accident happened, except that snow was on the ground at the time they were taken, some three weeks afterward, *held*, that they were properly admitted.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed November 7, 1901.

R. J. FELLINGHAM and W. G. SHOCKEY, attorneys for plaintiff in error.

WALKER & PAYNE, attorneys for defendants in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error, Fitzgerald, brought case against defendants in error to recover damages for injuries received by him in the coal yard of defendants in error in Chicago on October 22, 1895. A trial resulted in a verdict of guilty and assessment of the plaintiff's damages at $1 and judgment thereon, after a denial of a new trial to the plaintiff.

The jury also, with the general verdict, made the following special findings, to wit:

"1. Could the plaintiff have avoided the accident in question by the exercise of ordinary care and caution for his own safety immediately before and at the time of the happening of the same? Yes.

2. At the time of the accident was the plaintiff upon the premises of the defendants by their invitation, expressed or implied? · Yes."

We have carefully read and considered the evidence in the case, and are of opinion that the first special finding of the jury is sustained by the proof. This being so, the learned trial judge might well, under the statute, have rendered a judgment on the special finding, notwithstanding the general verdict. If the plaintiff might, by the exercise of ordinary care and caution immediately before and at the time of the happening of the accident, have avoided it, the law is well settled that there was no right of recovery. The general verdict in his favor is absolutely inconsistent with the special finding, and therefore can not avail him.

Complaint is also made that the court refused an instruction for the plaintiff, relating to the question of damages. If there was an error in this regard, it was an error without prejudice, since there was no right of recovery of any damages.

Complaint is also made that the court instructed the

jury on behalf of the defendants, that the plaintiff was, at most, a mere licensee on defendant's premises. This too, if error, is without prejudice, both because the plaintiff was not entitled to recover, under the jury's special verdict, and because the jury could have reached no other conclusion under the evidence in the case.

It is said that there was error in the admission in evidence of certain photographs, but we think the claim is untenable. It was shown that the photographs were a correct representation of the premises where the accident happened, except that snow was on the ground at the time they were taken, some three weeks or a month after the accident. We think they were properly admitted. R. R. Co. v. Wilson, 189 Ill. 89.

There being no reversible error in the record, the judgment of the Superior Court is affirmed.