## Thomas Martin v. Mary W. Surman.

### Gen. No. 11,313.

1. REPAIRS—*duty of landlord with respect to.* A landlord is not bound to make repairs unless he has entered into an express agreement with the tenant so to do. The tenant takes the premises at his own risk and there is no implied covenant that they are fit for habitation or for the purpose for which they are rented.

2. CONTRIBUTORY NEGLIGENCE—*when tenant guilty of.* A tenant cannot recover from the landlord for personal injuries upon the ground of a promise to repair, and a breach thereof, where such tenant retains possession of the premises and voluntarily exposes herself to the danger in question and thereby receives injury.

Action on the case for personal injuries. Error to the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed, with finding of facts. Opinion filed October 4, 1904.

A. W. FULTON, for plaintiff in error.

. HIRAM BLAISDELL, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action by defendant in error to recover for personal injuries, which she claims to have suffered when and because she stepped through the floor of a summer kitchen upon premises occupied by defendant in error under a verbal lease from plaintiff in error to her husband.

There is irreconcilable conflict in the testimony upon material points. Both defendant in error and her husband testify that the landlord said before they moved into the premises that he would "repair the floor." Plaintiff in error on the other hand testifies that the tenants did not ask him to do anything to the premises, that the floor was perfect,

that there were no holes, and that at no time before or after the tenants moved in was anything said either by defendant in error or her husband about that kitchen floor. The wife of the landlord, who looked after renting the property for her husband, and who testifies to difficulties she had in collecting the rent, states positively that nothing was said about repairing the floor, although complaints were frequently made about other things, a broken glass, a defective lock, papering and painting. It does not appear so far as we are advised that the lease was made for any definite time. The tenants are said to have moved into the premises in March, 1901. The accident is alleged to have occurred the middle of April following. The tenants continued to occupy the premises until they were put out for non-payment of rent, apparently in January, 1902. There is evidence tending to show that no complaint was made and that the landlord was not informed of the alleged injury to defendant in error until the present suit was commenced, February 26, 1902. This was nearly a year after the alleged injury, and about two weeks after the landlord had recovered judgment against the tenant for the amount due him.

It is well settled that the landlord is not bound to make repairs unless he has made an express agreement with the tenant to do so. The tenant takes the premises at his own risk, and there is no implied covenant that they are fit for habitation or for the purposes for which they are rented. The rule *caveat emptor* applies to a contract of letting. The landlord is not liable, therefore, to the tenant for damages occasioned by the premises being out of repair unless by the terms of his contract he has expressly bound himself to make the repairs. Quinn v. Crowe, 88 Ill. App. 191–193; Sunasack v. Morey, 196 Ill. 569–571. The evidence as to whether the landlord agreed at the time of the letting to repair the floor was conflicting and the jury must be deemed to have found that issue in favor of the defendant in error and against the landlord. No repairs were ever made and for failure to keep his alleged contract

in that respect, the latter might be liable for actual damages occasioned by such failure.

There is no claim that the alleged defect in the floor was concealed or that it was known to the landlord and unknown to the tenant. The latter and his wife, the defendant in error, both testify to knowledge of its alleged condition. One states that the boards of the floor were rotten, while defendant in error states that she "could see them decaying. Every time you stepped on them you would go in and out. They bent. We were always careful of them." There is other testimony in behalf of the defendant in error tending to show that the alleged condition was open and obvious, and while there is evidence in behalf of the landlord tending to show that the floor was in good condition, and that it was made dangerous at the point where the accident is said to have occurred by the acts of the tenant and his wife in chopping wood, there is no question that defendant in error was not injured for want of full knowledge on her part of the alleged conditions.

It is urged in behalf of plaintiff in error that the judgment should be reversed because of contributory negligence of defendant in error. In addition to her statement above referred to defendant in error testifies as to the floor: "I thought it was dangerous because it was always going in and out. There was no support for it, when anybody would step on it. Even if the baby would go over it, it would bend up and down. * * * The room is about as light as this court room. It was light enough. You could see. I had no business in the summer kitchen except to carry that stuff to the ice box." The tenants continued to live there a year after the alleged accident, using the kitchen as before. They had a piece nailed over the hole, and state that they laid a board from the kitchen door over the floor of the summer kitchen "so we could not go through." This precaution was taken after the alleged accident. That there was obvious risk to a grown person passing back and forth over a floor which was in such a rotten and unsafe condition as the defendant in error states, which

would bend up and down when "the baby would go over it," is perfectly apparent. Defendant in error according to her own testimony could be under no delusion as to the danger of breaking through when passing over it. As is said in Sanders v. Smith, 25 N. Y. Supplement 125–129, "If, however, there can be construed to be a duty separate and apart from the contract in this case, and a question for the jury upon the defendant's negligence, I am unable to see why the plaintiff's action would not be barred by her contributory negligence. She knew more of the condition of that stairway (floor) than did the defendant. To require the defendant to repay her for her injuries will be to require of the defendant to take better care of the plaintiff than she would take of herself. I do not think the promise to repair would save her from the charge of contributory negligence. * * * In accepting and remaining upon the premises knowing the defect she must be deemed to have accepted the risk." It might be otherwise had the alleged defect been concealed by the landlord from the tenant. In Sunasack v. Morey, *supra*, p. 574, it is said: "The fact that sewer gas was escaping into said premises being known to the defendants and not known to the plaintiff, it was the duty of the defendants at the time of the leasing to disclose that fact to the plaintiff. It was a source of danger not apparent to the plaintiff but known to the defendants, and the plaintiff had the right without making an examination for himself to rely upon the assurances of the defendants that the premises were free from sewer gas and in a healthy condition." In the case at bar the danger was apparent to the plaintiff—defendant in error here—and she had no right to go on carelessly exposing herself to a known and obvious danger, and rely upon the landlord's alleged promise to repair to afford, not immunity from injury, but compensation for injuries resulting proximately from her own carelessness. That one cannot recover for injuries suffered in consequence of his or her contributory negligence as a proximate cause is the established law in this state. Persons who work in danger-

ous places are bound to exercise such care for their safety as the obvious dangers of the place require. O'Day v. C. & A. R. R. Co., 97 Ill. App. 632–635./ The injury must be attributable to the defendant's own negligence and to that alone in order to justify recovery against him. If occasioned in any degree by the plaintiff's negligence he or she is without redress./ Wierzbicky v. Ill. Steel Co., 94 Ill. App. 400–404; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81; L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546–556; Fitzgerald v. Hedstrom, 98 Ill. App. 109–110; C. & N. W. Ry. Co. v. Weeks, 99 Ill. App. 518–530.

The judgment must be reversed, with a finding of facts in accordance with the undisputed evidence.

*Reversed.*