## DETERMINED IN THE

# SECOND DISTRICT

### OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1907.

---

### Tripoli Savings Bank v. Herman W. Schnadt.

#### Gen. No. 4,871.

1. CROSS-ERROR—*when essential*. In order to save for review the question as to the propriety of the rulings of the court in excluding evidence offered by the appellee, it is essential that such appellee assign cross-error.

2. CREDIBILITY OF WITNESSES—*when instruction as to, erroneous*. An instruction is erroneous which tells the jury that "you are not bound to believe anything to be a fact because a witness has stated it to be so, provided you believe, from all the evidence, that such witness is mistaken or has knowingly testified falsely," in that it omits the words "in a matter material to the issue, except in so far as he has been corroborated by other credible evidence or by facts or circumstances proved on the trial."

3. PREPONDERANCE OF EVIDENCE—*when instruction as to, erroneous*. An instruction which tells the jury "that the preponderance of evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts," is erroneous. The instruction should have stated that the preponderance of evidence does not necessarily consist in the number of witnesses testifying to a fact or state of facts.

4. INSTRUCTIONS—*must be predicated upon the evidence*. An instruction is erroneous which is not predicated upon the evidence or the issues existing in the cause.

Contested claim in court of probate. Appeal from the Circuit Court of DuPage county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

(373)

JOHN S. STEVENS and WILLIAM H. FISCHER, for appellant.

BOTSFORD, WAYNE & BOTSFORD and S. L. RATHJE, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Appellant, the Tripoli Savings Bank, filed a claim against the estate of Henry Schnadt, deceased, upon a note dated August 12, 1903, for the sum of $1,000 due two years after date, payable to the order of H. C. Schnadt, and indorsed and delivered to appellant before maturity. Appellee, as executor of the last will of Henry Schnadt, deceased, filed an affidavit denying the signature. The claim was allowed in the County Court of DuPage county, and an appeal was taken to the Circuit Court of said county, where a trial was had, resulting in a verdict for appellee. A motion for a new trial was overruled, judgment was entered on the verdict, and the claimant appealed to this court.

Appellant, to overcome appellee's affidavit and lay a foundation for the introduction of the note, produced as a witness F. L. Schnadt, son of the deceased and brother of the original payee, who testified that, on the day of the execution of the note, his father, now deceased, then about seventy-nine years of age, drove to Elgin, a distance of twelve miles, and back; and that upon his return, while his father lay in bed, he had a two hours' conversation with his father about this $1,000 note and other business matters; that he wrote the note, and that his father said he was tired and directed him to sign his name to it, which the witness did. No evidence was offered tending to impeach the veracity of this witness.

Appellee introduced evidence as to the mental characteristics and physical condition of deceased, and offered testimony that the signature to the note was not his signature but an imitation thereof, which was

excluded on the objection of appellant; but as no cross-error was assigned thereon, that question is not before us. There was no direct contradiction of the testimony of witness, F. L. Schnadt. However, the original note was certified to this court under rule 15 and upon an examination of the same, a marked difference is apparent in the writing of the body of the note and the signature thereto. This seems to us the only ground appearing in this record upon which the jury might have discredited the testimony of witness F. L. Schnadt. It surely was sufficiently important to necessitate the submission of all the facts for their consideration, under a strict application of the rules of evidence and accurate instructions.

Appellant urges that the instructions given on behalf of appellee were unfair, repetitious, argumentative, misleading and designed to prejudice the jury against appellant.

While appellant's exception to instruction No. 1 is not here urged, we will say that to the statement, "you are not bound to believe anything to be a fact because a witness has stated it to be so—provided you believe, from all the evidence, that such witness is mistaken or has knowingly testified falsely," should have been added, the words, "in a matter material to the issue, except in so far as he has been corroborated by other credible evidence or by facts or circumstances proved on the trial." While instruction No. 3 did accurately state the law on this subject, it did not, in our opinion, cure the error indicated.

Instruction No. 4 stated, "that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts." This is not true. It may be the number of witnesses testifying to a fact or state of facts may be material. The instruction might properly have said, that the preponderance of evidence did not *necessarily* consist in the number of witnesses tes-

tifying to a fact or state of facts. Hays v. Johnson, 92 Ill. App. 80.

Instruction No. 5 stated, "that where a number of witnesses testified directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced." This instruction was correct in principle, but not applicable to the evidence in this case, for the reason that there were no witnesses testifying directly opposite to each other on any material fact.

There were five different instructions given for appellee aimed in different ways at the credibility of the witnesses, but we think there was no occasion to give so many on that subject and that the course pursued was calculated to prejudice the jury against the testimony of F. L. Schnadt.

It appears from the evidence of Schnadt that during the conversation he held with his father, there was talk concerning the old gentleman's will, his other children and a certain note of $3,000 made in favor of the witness and signed by deceased in person a few minutes before he directed witness to sign the note here sued upon. This entire conversation was so connected that we think the court should have permitted it to have been inquired into on cross-examination, and all that was said about the relations of deceased with his children, his business affairs and these two notes, brought out for the purpose of casting light upon the truth of F. L. Schnadt's testimony to the effect that he signed his father's name to this note by his direction. This suggestion is made in view of the fact that there may be another trial of this case.

For the errors indicated in the instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*