## Hiram Cummins, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. INSTRUCTIONS—*when upon preponderance of evidence erroneous*. It is not correct to state as an inflexible rule having no exceptions that the preponderance of evidence in a cause is not alone determined by the number of witnesses testifying to a particular fact or state of facts, as conditions might exist under which the number of witnesses testifying on one side or the other might properly be the controlling influence in determining where the preponderance or greater weight of the evidence lies.

2. INSTRUCTIONS—*when upon preponderance of evidence erroneous*. An instruction upon this subject is erroneous which undertakes to tell the jury what they shall take into consideration in determining upon which side the preponderance of the evidence

lies, excluding altogether the question of the number of witnesses testifying on the respective sides.

3. Instructions—*when upon credibility of witnesses erroneous.* An instruction which authorizes the jury to disregard the testimony of witnesses who have knowingly testified untruthfully is erroneous if it does not limit the untruthfulness of · such witnesses to facts or questions material to the issue.

4. Instructions—*when upon contributory negligence erroneous.* An instruction is erroneous which authorizes a recovery if plaintiff's negligence did not "materially" contribute to the injury.

Action in case for personal injuries. Appeal from the Circuit Court of Saline county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

W. F. Scott and Conger & Conger, for appellant.

M. S. Whitley, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Appellee brought this action for personal injuries received by him, caused by his being struck by a moving train of cars on appellant's track at Harrisburg, Illinois, on February 15, 1907. The two counts of the declaration, which were substantially the same, charged that at the time named appellant was in the habit of coaling its engines at O'Gara Coal Mine No. 3, located within fifty feet of its line of railway; that in the process of loading the engines, large quantities of coal would fall from the tender upon the ground near the coal chute along and near to the railroad, tending to obstruct the passage of engines and cars; that at said time appellee was in the employ of the O'Gara Coal Company, which was operating said mine, as a laborer, and it was a part of his duty to remove said coal that had so accumulated near and upon the railroad; that while he was so engaged, appellant carelessly and negligently backed one of its trains along its said railroad without giving any signal or warning before or while doing so, against

appellee, knocking him down and causing the injuries complained of. There was a verdict and judgment in favor of appellee for $1,450.

It was the custom of the O'Gara Coal Company, as the proofs showed, to cause the coal which had fallen near the tracks from the coal chute while engines were being coaled, to be shoveled by its employes into a small car which was operated over a narrow guage track running from the coal company's furnace to appellant's track. The coal loaded into this coal car after being conveyed back to the furnace room was used in the O'Gara Company's furnace.

Appellee while engaged with others on the date named in the declaration in shoveling coal from the tracks, was knocked down and injured by one of a string of cars which was being pushed back down the track by one of appellant's engines.

The principal controversy in regard to the facts, was whether or not the bell of the engine was rung, its whistle blown or any other signal given to notify appellee and those working with him of the approach of the train.

As the judgment must be reversed and the cause remanded for other reasons, we will not discuss the facts further than to say that the question whether appellant was guilty of the negligence charged, was an exceedingly close one. Under such circumstances it is a universally recognized rule of law that the instructions given in the case must be carefully guarded and state the law correctly.

Instruction No. 1 given for appellee told the jury that the preponderance of evidence in the case was not alone determined by the number of witnesses testifying to a particular fact or state of facts and then proceeded to state what they should take into consideration in determining the preponderance of the evidence, wholly leaving out of this summary the question of the number of witnesses testifying. It is not correct to state as an inflexible rule having no excep-

tions that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts, as conditions might exist under which the number of witnesses testifying on one side or the other might properly be of controlling influence in determining where the preponderance or greater weight of the evidence lay. The latter part of the instruction was even more objectionable if possible, for the reason that it undertook to tell the jury what they should take into consideration in determining upon which side the preponderance of the evidence was, excluding altogether the question of the number of witnesses testifying on the respective sides, and that too after the first portion of the instruction had tended to nullify any advantage either party might under some circumstances have had by reason of the favorable testimony of the greater number of witnesses. Hays vs. Johnson, 92 Ill. App. 80; Tripoli Savings Bank v. Schnadt, 135 Ill. App. 373.

The fifth instruction given for appellee undertook to state the conditions under which the testimony of one credible witness might be entitled to more weight than the testimony of many others, concluding, "If as to those other witnesses you have reason to believe and do believe, from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully and are not corroborated by other credible witnesses or by circumstances proved in the case." This instruction was faulty because it did not limit the untruthfulness of the many witnesses to facts or questions material to the issue. Keller v. Hansen, 14 Ill. App. 640; West Chicago St. R. R. Co. v. Raftery, 85 Ill. App. 319.

The seventh instruction given for appellee told the jury that as a matter of law "a railroad company is liable for injury to persons lawfully upon its track where such injury results from the want of ordinary care and caution in the running of its trains, and the

plaintiff's own negligence does not materially con-tribute to the injury." The vice of this instruction was that it permitted a recovery in the case mentioned provided the plaintiff's own negligence did not ma-terially contribute to the injury. The correct rule of law as laid down by our courts is that "the injury must be attributable to the defendant's own negli-gence and to that alone in order to justify recovery against him. If occasioned in any degree by the plaintiff's negligence he or she is without redress." Martin v. Surman, 116 Ill. App. 282, and cases cited.

In C. & P. St. R. R. Co. v. Snider, 72 Ill. App. 300, where an instruction authorized a recovery in case "the plaintiff was not guilty of negligence on his own part materially contributing to the injury," it was said: "The proposition of law embodied in this in-struction is, at least inferentially bad. It says by in-ference that if the negligence of plaintiff contributed to the injury in a degree which might be regarded by the jury as not 'material' the plaintiff might, notwith-standing, recover. Such is not the law. If plaintiff's negligence contributed in any degree whatever, it barred a recovery." To the same effect is the case of C. C. Ry. Co. v. Canevin, 72 id. 81.

For the reasons above indicated the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*