## Calvin Petty, Appellee, v. Hugh Maddox, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

### Statement of the Case.

Suit begun before a justice of the peace by Calvin Petty against Hugh Maddox to recover damages for the killing of a horse belonging to plaintiff which was struck, while running at large on a public highway in the country about midnight, by an automobile driven by the defendant. An appeal was taken from the

judgment of the justice to the Circuit Court, where a jury returned a verdict in favor of plaintiff for $128, on which judgment was rendered, and the defendant appealed.

CHARLES C. LEE and F. C. WINKLER, for appellant.

T. N. COFER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. INFANTS, § 36*—*what is effect of failure to appoint guardian ad litem.* While a judgment against a minor, where no guardian *ad litem* has been appointed, is not void but only voidable, no steps in a case should be taken against a minor until a guardian *ad litem* has been appointed, where a guardian does not appear and defend for him.

2. AUTOMOBILES AND GARAGES, § 3*—*what instructions are proper in action for death of horse.* In an action for the killing of a horse by an automobile, an instruction requiring the operator of an automobile to use such care and caution as to prevent injury to the person or property of other persons, and rightfully on the highway, was erroneous as making such operator an insurer of the property of others.

3. AUTOMOBILES AND GARAGES, § 2*—*what is duty of operator of automobile.* An operator of an automobile is required to use ordinary and reasonable care in the running of the machine, and must not drive it at greater speed than is reasonable and proper, having regard to the traffic and use of the highway.

4. AUTOMOBILES AND GARAGES, § 2*—*what speed excessive.* The operation of an automobile at a rate of speed exceeding twenty-five miles an hour in the country is prima facie evidence of negligence.

5. AUTOMOBILES AND GARAGES, § 3*—*when instruction in action for injuries erroneous.* In an action for the killing of a horse by an automobile, the giving of instructions argumentative in their nature and which required the jury to consider certain things, "if shown by a preponderance of the evidence together wth all facts and circumstances that may be proven by a preponderance of the evidence," was error, as the jury should consider not only such facts as are shown by a preponderance of the evidence but all the evidence and facts and circumstances in evidence.

SCHOLFIELD, J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.