## Joe Moreen, Appellee, v. Will Devillez, Appellant.

1. AUTOMOBILES AND GARAGES, § 3*—*when instruction in action for injury to colt is misleading.* In an action to recover for injuries to a colt struck by an automobile on a highway, where the question of defendant's care is contested, it is error to instruct that it was defendant's duty to use reasonable care to avoid injuring the colt, as such instruction is misleading as appearing to assume that he did not exercise such care.

2. AUTOMOBILES AND GARAGES, § 3*—*when instruction in action for injury to colt is erroneous.* In an action to recover for injuries to a colt struck by an automobile on a highway, where the reasonableness of the speed at which the automobile was driven is in dispute, it is error to instruct that it was defendant's duty to drive at a speed which was reasonable and proper, having regard to the traffic and the use of the highway, so as not to injure the horse, as such instruction assumes that he was not driving the automobile at a reasonable and proper speed under the circumstances, and ignores the question of plaintiff's negligence.

3. AUTOMOBILES AND GARAGES, § 3*—*when instruction on wilful negligence of defendant in striking colt is erroneous.* In an action to recover for injuries to a colt struck on a highway by an automobile, an instruction that although the jury believed from the evidence that plaintiff's negligence contributed to the injury, yet if they believed therefrom that defendant was "wilfully negligent" in driving his car and could have avoided the injury, then plaintiff is entitled to recover, is erroneous where there was no proof tending

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to show that defendant intended to inflict the injury, and further because it authorizes a verdict for plaintiff even though the jury believed that his negligence contributed to the injury.

Appeal from the County Court of Saline county; the Hon. C. D. STILWELL, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed November 1, 1918.

W. F. SCOTT, for appellant.

FOWLER & RUMSEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Joe Moreen, appellee, brought suit against Will Devillez, appellant, before a justice of the peace, to recover damages for an injury to his two-year-old colt which was struck by appellant's automobile. The case was appealed to the County Court of Saline county and tried before a jury, which assessed appellee's damages at $100. After overruling motions for a new trial and in arrest of judgment, the court rendered judgment on the verdict in favor of Moreen, and Devillez has brought the case to this court.

In April, 1916, appellee was moving his personal property. It was loaded on three dray wagons. The colt above mentioned was tied by a rope 2½ feet long to the middle stake at the rear end of the front wagon. On that wagon were an upright piano, dresser and other furniture and on top of them were piled rugs and clothing several feet high. Appellee was traveling west and the wagons were about 35 feet apart. Some furniture on the middle wagon became loose and all three wagons were pulled to the north side of the road and stopped. Appellee, who was driving the rear wagon, and Roy Davis, who was driving the middle one, dismounted and adjusted the furniture. While they were so doing, appellant was seen approaching in his automobile going east. There was a hill about a

quarter of a mile west of where the wagons stopped but the ground between the two places was level. Some gipsy wagons traveling east were about 75 feet west of appellee's front wagon, and between them and the hill there was a soft place in the road. At the point where appellee's wagons stopped, the road was from 18 to 20 feet wide. His wagons stopped with the right or north wheels about 1½ feet from the drain ditch at the north side of the road. Appellant claims to have sounded his alarm before reaching the gipsy wagons, which he passed by going on their left side, as they were traveling in the same direction he was, but he does not claim to have sounded an alarm after that. Appellee and his drivers stated that they did not hear the alarm, but all admit seeing appellant's car approaching them at the hill. As appellant passed to the south of appellee's wagons he could not see the colt tied at the rear of the front wagon because of the load on the same. The speed at which appellant was going when he passed appellee's wagon is disputed. Appellant claims it was from 12 to 15 miles an hour and appellee's witnesses claim it to have been as much as 20 miles an hour. When appellant's car passed the rear of the front wagon the hub of the left front wheel of the automobile struck the colt and broke its femur bone in the left leg about 6 or 8 inches above the stifle joint. On the advice of a veterinary surgeon the colt was afterwards killed. After striking the colt, appellant stopped his car within about 18 feet of the place of contact. Just before it was struck, the driver of the second wagon, who had just started to remount after adjusting the furniture, noticed that the colt was standing across the center of the road, its forequarters to the north of the center and its hindquarters to the south. The right wheels of the automobile ran within about 1½ feet of the drain ditch at the south side of the road. There was sufficient room to pass and the automobile would not have come in contact

with the colt if the colt had not got its hindquarters to the south of the center of the traveled track, which was about the center of the road.

Appellant presents serious objections to the first, second, third, fourth and fifth instructions given at the request of appellee. While the third and fifth are not free from criticism, we do not consider them as seriously objectionable. The first instruction told the jury that it was the duty of appellant to use reasonable care to avoid injuring the colt. This instruction was misleading because it appears to assume that appellant was not using such care on the occasion of the injury, which was one of the contested questions. The second informed the jury that it was the duty of appellant "to have driven his said automobile at a speed which was reasonable and proper, having regard to the traffic and use of the said highway so as not to injure the horse." This instruction assumes that appellant was not driving his automobile at a reasonable and proper speed under the circumstances, which was also one of the questions in dispute. It also ignores the question whether there was negligence on the part of appellee, and appears to state a liability regardless of that question, which made the instruction erroneous. In the case of *Petty v. Maddox*, 190 Ill. App. 381, which was a suit for damages, for the killing of a horse by an automobile, it was held that an instruction requiring the operator of the car to use such care and caution as would prevent injury to the person or property of other persons rightfully on the highway was erroneous, as making the operator an insurer of the property of others. Appellee's fourth instruction advised the jury that although they might believe from the evidence that appellee's negligence contributed to the injury of the colt, yet if they further believed therefrom that appellant was wilfully negligent in driving his said automobile and could have avoided the injury to said colt at the time the injury was done, by the

exercise of reasonable care on his part, that then appellee would be entitled to recover. The term "wilfully negligent" was not applicable to this case as there was no proof tending to show that appellant intended to inflict an injury. In *Gordon v. Stadelman,* 202 Ill. App. 255, which was a suit to recover damages for the death of the plaintiff's intestate, caused by his being struck by the defendant's automobile, it was said: "We think the question of wilful negligence was properly taken from the consideration of the jury, there being no evidence that would justify the inference that defendant's conduct was such as 'would show a general intent to inflict an injury' or negligence of such a high degree as would be deemed equivalent to a wilful or wanton act." This instruction was also erroneous because it authorized a verdict in favor of appellee, even though the jury believed that his negligence contributed to the injury of the colt.

In *Cummins v. Cleveland, C., C. & St. L. Ry. Co.,* 147 Ill. App. 291, this court said in reference to an instruction in a personal injury case, which had the same objectionable feature: "The vice of this instruction was that it permitted a recovery in the case mentioned provided the plaintiff's own negligence did not materially contribute to the injury. The correct rule of law as laid down by our courts is that 'the injury must be attributable to the defendant's own negligence and to that alone in order to justify recovery against him. If occasioned in any degree by the plaintiff's negligence, he or she is without redress.'" The case was close and the facts strongly contested, therefore, it became necessary that the jury should be correctly instructed as to the law. It follows that for the errors in instructions, the judgment of the County Court should be and accordingly is reversed and the cause remanded.

*Reversed and remanded.*