# NATHAN B. BRADLEY *et al.*

## *v.*

# ANDREW T. KING *et al.*

1. TENDER — *on the sale of chattels — what is a sufficient tender thereof — and of a plea of tender.* A contract of sale of a quantity of lumber provided that the lumber should be inspected by a particular person, and should "inspect at least twenty-five to thirty per cent better than common." In an action by the purchaser against the vendor for failing to deliver the lumber, the defendant pleaded a tender of performance, averring that the lumber tendered was inspected by the person named, but not that it was inspected "twenty-five to thirty per cent better than common." The plea was defective in failing to show that the lumber tendered was of the quality required by the contract.

2. SALES — *sale for delivery at a specified time — acceptance of part after the time.* On a sale of chattels to be delivered by a certain time, if the vendor fails to make delivery within the time, an acceptance of a part afterward will operate as a release of damages for non-delivery only as to the portion accepted, there being no express waiver.

3. SAME — *when payment is to be made on delivery — effect of refusal to pay.* And where the contract provides for payment on delivery, and the vendor fails to deliver within the time stipulated, but the purchaser accepts part afterward, such acceptance places the purchaser under the same obligation, as to payment, that he would have been under had the property been delivered and accepted within the time stipulated in the contract, and if the purchaser refuses to perform this obligation on his part, the vendor is excused from further delivery.

4. SAME — *whether the sum due for the part thus accepted may be set-off against damages for non-delivery of the residue — and how the purchaser may avail thereof.* In an action by the purchaser against the vendor for non-delivery within the stipulated time, a plea that a part was delivered and accepted afterward, but that the purchaser refused to pay for the part thus accepted, on its delivery, as required in the contract, is a good plea. If the purchaser sought at the time of the delivery of such part to pay for it by setting off the damages for non-delivery of the residue, it was incumbent on him to have made a distinct offer so to do to the vendor.

5. In order to defeat the effect of such a plea, the purchaser should either traverse the averment of refusal to pay, and prove on the trial of the issue that damages were due him equal to the value of the property delivered, and that he offered the vendor to release the damages to that amount, or he may reply these facts specially to the plea.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. KNOWLTON & JAMIESON, for the appellants.

Messrs. SCATES, BATES & TOWSLEE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 23d of February, 1864, N. B. Bradley & Co. entered into sealed articles of agreement with A. T. King & Brothers, by which the former bound themselves to deliver to the latter in Chicago, by the 1st of September, 1864, one million feet of lumber. King & Brothers, on their part, agreed to pay $2,000, at the signing of the contract, $1,000 on the 15th of March, 1864, $1,000 on the 1st, and $1,000 on the 15th of April, and the balance as fast as the lumber should be received. On the 1st of September there had been delivered on this contract about two hundred and eighteen thousand feet. Between that date and the 29th of September, nearly six hundred thousand feet more were delivered, the last cargo having been delivered on or near that day. This suit is an action of covenant brought by the purchasers against the vendors for an alleged failure to deliver the lumber as required by the terms of the contract. The plaintiffs recovered a verdict and judgment, and the defendants appealed.

The court sustained a demurrer to the defendants' second and third pleas, and in this the appellants insist there was error. The second plea was a plea of performance in part, and tender of performance of the residue. It was, however, clearly defective. The contract provided, that the lumber should "inspect in Saginaw, at least twenty-five to thirty per cent better than common." It further provided, that it should be "inspected by Yawkey & Co., of East Saginaw, Michigan." The plea averred, that it was inspected by Yawkey & Co., but not that it inspected "twenty-five to thirty per cent better than com-

mon." The plea failed to show, that the lumber tendered was of the quality required by the contract.

The third plea avers, that, for the last cargo, amounting to one hundred and seventy-four thousand nine hundred and ninety-two feet delivered to, and accepted by, the plaintiffs, they refused to make payment. This is a good plea. Although the acceptance by the plaintiffs of a part of the lumber after the 1st of September was a release of damages for non-delivery only as to the portion accepted, there being no express waiver, yet when, on the 29th of September, the defendants delivered, and the plaintiffs accepted, a cargo, it was clearly accepted on the terms of the original contract as to payment. Its acceptance placed the purchasers under the same obligation as to payment that they would have been under had the cargo been delivered and accepted prior to the 1st of September, and that obligation was, by the terms of the contract, payment on delivery. If the purchasers refused to perform this obligation on their part, the vendors were excused from further delivery. The payment for the lumber at the time of its receipt was a condition precedent, so far as concerned the right of the plaintiffs to demand a further delivery. *Gardner* v. *Clark*, 21 N. Y. 399; *Dunham* v. *Mann*, 4 Seld. 512. The counsel for plaintiffs urge, in reply to this position, that, although they accepted a part of the lumber after the 1st of September, yet the acceptance of such part was optional with them, and did not oblige them to accept the residue, and that, having the right to claim damages for so much as was not delivered and accepted, they had the right to pay for the last cargo by setting off the damages due them for the undelivered portion. Inasmuch as they could plead such damages as a set-off to a suit brought by these defendants for the value of the last cargo, it would seem to follow that they did have such right of payment. But that does not affect the sufficiency of the plea. If the plaintiffs sought at the time of the delivery of the last cargo to pay for it by setting off their damages, it was incumbent on them to have made a distinct offer so to do to the defendants. In order to defeat the effect of this plea, they should either have traversed

the averment of refusal to pay, and proved, on the trial of the issue, that damages were due them equal to the value of the cargo, and that they offered the defendants to release the damages to that amount, or they might have replied these facts specially to the plea. But the plea, on demurrer, should have been held good.

The demurrer to the rejoinder to the replication to the fifth plea was properly sustained. The rejoinder was defective in the same manner as the second plea, of which we have already spoken.

It is unnecessary to comment specially on the instructions, as, on another trial, the court will instruct in conformity with the views expressed in this opinion. The judgment is reversed and the cause remanded.

*Judgment reversed.*