# LEANDER HAINES

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. EVIDENCE—*where parties give conflicting testimony—rule for determining weight.* Where parties to a suit testify, the one affirming and the other denying a fact, then the jury are to determine the truth of the matter from the circumstances usually attending such transactions, from the reasonableness of the testimony, and from all circumstances in evidence bearing upon the issue.

2. CREDIBILITY OF WITNESS—*jury to determine.* In a prosecution for bastardy, the defendant asked the court to instruct the jury that if they believed, from the evidence, the prosecuting witness had made contradictory statements in regard to the time of criminal connection with the defendant, they should consider this in determining upon the credibility of her testimony. It was *held*, on the authority of the case of *Otmer* v. *The People*, 76 Ill. 149, the instruction was properly refused. The jury should be left free to determine as to the credibility of the witness for themselves.

WRIT OF ERROR to the County Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding.

This was a prosecution for bastardy, against Leander Haines.

Upon the trial below, the court gave, among others, the following instruction on behalf of the people:

" *Fourth*—The court instructs the jury, that when parties to a suit testify, the one affirming, the other denying a fact, then the jury are to determine from the circumstances usually attending such transactions, from the reasonableness of the testimony, and from all circumstances in evidence bearing upon the issue, in determining the truth of the matter."

The first of a series of instructions asked by the defendant, and refused, was as follows:

" The court instructs the jury, for the defendant, that if they believe, from the evidence, the prosecuting witness has made contradictory statements in regard to the time of criminal connection with the defendant, the jury should consider this in determining upon the credibility of her testimony."

The trial resulted in a judgment against the defendant, to reverse which he sued out this writ of error.

Mr. A. E. STEVENSON, for the plaintiff in error.

Messrs. ROWELL & HAMILTON, for the People.

Per CURIAM: A reversal of the judgment is asked in this case mainly on the ground that the verdict is contrary to the evidence.

The prosecuting witness testifies that the defendant is the father of the child. This he denies. We are not, however, prepared to say the jury, by their verdict, disregarded the weight of the evidence.

The prosecuting witness went to the house of the defendant, who resided in the country, ten miles east of Bloomington, to work for him, on the 20th day of September, 1874. She remained there until the 7th day of the following January. During this time she was absent only on one occasion, when she went to her father's place, ten miles north of Bloomington, on Saturday, and returned the following Thursday. The child was born on the 9th day of July, 1875. It is a conceded fact that the child was begotten during the time the prosecuting witness was working at the house of the defendant. She was a deaf mute, in the country among strangers, with but little facility and opportunity to form the acquaintance of young men by whom she might become pregnant.

The record is barren of any evidence pointing in the direction of any person as the probable father of the child except the defendant.

It is urged by the defendant, that the prosecuting witness, on the preliminary examination, fixed the date upon which she had connection with the defendant as the 18th of December, and the child, at birth, was mature and full grown. The attending physician when the child was born, gave it as his opinion that the birth was premature—that it was a "seven months' child." Others present at the time testify to the same. About one month after the child was born, several

physicians examined it, and gave a different opinion. The evidence, therefore, upon this point, was conflicting, and it was for the jury to settle.

We do not, however, attach much importance to this position of the defendant. The witness, before the justice and on the trial in the county court, had to speak through an interpreter, and it was difficult to get her true meaning. On the trial, however, in the county court, as we understand her evidence, she testified that the defendant had connection with her several times, and if she stated December 18th, as the time before the justice, it was a mistake.

When all the evidence is considered, and in view of its conflicting character, under the uniform ruling of this court, the verdict of the jury must be regarded as final.

It is also urged, that the fourth instruction given for the people was calculated to mislead the jury. We do not so regard it. It is in accord with what is said in *Bonnell* v. *Wilder*, 67 Ill. 327.

The defendant's first instruction was properly refused, on the authority of *Otmer* v. *The People*, 76 Ill. 149.

We perceive no error in the modification of defendant's second and third instructions. The modifications were slight, and seemed fully warranted by the facts in the case.

Upon consideration of the whole case, we perceive no substantial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*