THOMAS L. RUDDOCK ET AL.

v.

THOMAS E. BELTON.

</div>

7    517
92   1  82

1. CREDIBILITY OF WITNESS—INSTRUCTION AS TO.—An instruction that if the jury are satisfied that a witness has willfully sworn falsely in regard to a material fact they are to disregard his evidence, etc., is erroneous. The jury should have been told that they *might* disregard the testimony of such witness.

2. CONTRACT—READINESS TO PERFORM.—It is error to instruct the jury that the plaintiff is entitled to recover wages for the full time he was employed, if they believe that the contract was made as claimed by him, and that the defendant, without good cause, refused to give the plaintiff employment, without also stating in such instruction that the plaintiff was ready and willing to perform on his part.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed, December 13, 1880.

Mr. E. A. CRANE and Mr. E. F. ABBOTT, for appellants; that the master of a vessel has no implied authority to hire an engineer, cited Abbott on Shipping *124.

The evidence fails to show the existence of a custom giving the master of a vessel authority to hire an engineer: Wilson v. Bauman, 80 Ill. 493.

It was plaintiff's duty to try and obtain other employment, and the court should have so instructed the jury: Perry v. Sampson M'f'g. Co. 37 Conn. 539.

Mr. W. H. CONDON, for appellee; that the master of a vessel has complete authority in everything relating to the management of the vessel, cited Desty's Shipping and Admiralty, §115; Sherwood v. Hall, 3 Sumn. 127; Luscom v. Osgood, 1 Sprague, 82; Baker v. Corey, 19 Pick. 496.

All persons employed in the navigation of a vessel are deemed seamen: The Highlander, 1 Sprague, 388; The Jane and Matilda, 1 Hagg, Adm. 187; the Prince George, 3 Hagg, Adm. 376; The Ocean Spray, 4 Sawyer, 112.

WILSON, J.    Appellants Ruddock and Palmeter were owners of the steam barge Fayette, of which ——— Flood was captain.    The present action was brought by appellee Belton, to recover upon an agreement claimed by him to have been made with Flood as captain of the boat, and agents of appellants, the substance of the agreement being that he was to work for the firm of which appellants were members, in the capacity of engineer, from the latter part of September until the end of the season, at one hundred dollars per month.    The Fayette was not engaged in general freighting, but was used exclusively in the private business of appellants, carrying lumber from their mills in Michigan to their yards in Chicago.    It is not claimed that appellee performed any services under the contract, but it is alleged in the declaration, in substance, that the plaintiff was ready and willing to perform on his part according to the terms of the contract, but that the defendant, wrongfully refused to receive him into their service; and evidence was offered on the trial in support of these allegations.

Ruddock v. Belton.

Flood denies that he hired appellee, and there was a serious conflict of evidence on that subject. It is also claimed by appellants' counsel that conceding it to be shown that Flood employed appellee, he had no authority from appellants to do so and that such authority is not implied from his position as captain of the boat. There was no proof of any express authority, but there was evidence tending to show that after the alleged hiring of appellee, he made complaint to appellant Ruddock that Flood had hired him and then refused to give him work, when he was told by Ruddock that he left all that matter to Flood, and that he, Ruddock, had nothing to do with it.

On the various controverted questions of fact, the jury must have found for appellee, as they gave him a verdict for the entire amount claimed by him. As the judgment of the court must be reversed, by reason of the giving of improper instructions, we refrain from expressing any opinion as to the weight of evidence. There was a serious conflict between the testimony of the two principle witnesses, Belton and Flood, in which the credibility of each was necessarily involved, and this in relation to a most material part of the case, namely, as to the making of the agreement alleged in the plaintiff's declaration. As no services were in fact rendered by appellee, it was indispensable to his right of recovery to prove the making and breach of the agreement, as alleged. Upon this branch of the case, the testimony of Belton and Flood was diametrically opposed each to the other—one affirming and the other denying the making of such agreement.

As we have repeatedly said, in like cases, instructions in relation to the credibility of witnesses, where their testimony is conflicting, must state the law with accuracy; and where they do not, the judgment will be reversed. The first instruction given to the jury, on the part of the plaintiff, was as follows:

"The court instructs the jury that they are judges of the credibility of the witnesses, and that if they are satisfied that any of them have willfully testified falsely in regard to any material fact in the case, they should disregard his evidence, except so far as it is corroborated by other reliable evidence."

This is not the law. It would have been proper to have instructed the jury that they *might* disregard the testimony of a witness upon the contingency named in this instruction, but not that they "should." This, in substance, directed them to reject the testimony, and took away from the jury their prerogative to pass upon the credibility of witnesses. Otmer v. The People, 26 Ill. 149.

Appellee's third instruction was also erroneous. It was as follows :

"The court further instructs the jury that if they believe from the evidence, that the defendants, by their agent, hired the plaintiff to work as engineer from September 20th, or thereabouts, to the end of the season of 1879, and that such agent was authorized by defendants to hire the plaintiff, and afterwards refused or neglected to give him work, without justifiable cause, the plaintiff is entitled to recover his full wages for the time he was employed, if at all, less amount earned by him during that time, and the verdict should be for the plaintiff."

This instruction is faulty in not embracing in its hypothesis a readiness on the part of the plaintiff to perform. The declaration avers that the plaintiff was ready and willing to perform on his part, notwithstanding which, the defendant refused to receive him into their service. But the instruction makes the defendants liable if they neglected to give the plaintiff work, even though he may not have been ready nor willing to do the work, and made no tender of his services.

For the error of the court in giving these instructions, the judgment must be reversed and the case remanded.

Reversed and remanded.