MILTON MAGEE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

</div>

<div align="center"><em>Filed at Springfield November 2, 1891.</em></div>

1. BURGLARY AND LARCENY—*proof thereof—possession of stolen property.* On the trial of one for burglary, the proof clearly showed the burglary and the larceny of a watch at the same time. On the afternoon following the burglary the defendant sold the watch, of the value of eight dollars, for one dollar and a quarter, and failed to give a satisfactory account of his whereabouts on the morning of the burglary.

He testified that he bought the watch of a stranger for one dollar, and introduced a witness who testified to his purchase of the same for the price of two dollars or two dollars and a half. The reputation of this latter witness for truth and veracity was shown to be doubtful: *Held,* that the evidence was sufficient to sustain a conviction.

2. Possession of the fruits of a burglary immediately or soon after the crime is committed, unexplained, is presumptive evidence that the party having that possession used the means by which the owner was deprived of his property.

3. CRIMINAL LAW—*presumption of innocence.* On a criminal trial, an instruction that the jury must presume the defendant innocent of the crime charged until the evidence proves him guilty beyond a reasonable doubt, and that "if it is possible, from the evidence, to account for the commission of the crime charged, by some other person than the defendant," is erroneous, and properly refused.

4. WITNESS—*in support of reputation of another witness for truth and veracity—competency of witness.* The fact that witnesses called to sustain another witness' reputation for truth and veracity do not know his reputation, and state that they have never heard his reputation in that respect called in question, is not proper to be considered by the jury in determining whether or not the witness proposed to be impeached is entitled to belief.

5. The evidence of witnesses in support of another witness whose reputation for truthfulness is impeached, is only admissible because the reputation of that other witness has been assailed, and the rule is, without exception, that the witnesses speaking for or against the one assailed must first state that they know what is generally said of him, in respect of his character for truth and veracity, by those among whom he dwells or with whom he is chiefly conversant.

WRIT OF ERROR to the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. T. W. McNEELEY, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, and Mr. CHARLES NUSBAUM, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Plaintiff in error was convicted in the court below of the crime of burglary, and sentenced to the penitentiary for a term of two years. The principal ground upon which a re-

versal of that judgment is urged is, that it was not authorized by the evidence produced on the trial.

The indictment charged that the defendant burglariously entered the dwelling house of one James Wood, and stole, among other things, a silver watch, the property of said Wood, of the value of ten dollars. The proof established the burglary beyond all doubt, and clearly showed that the watch was stolen at the same time. The burglary and larceny were committed after eight o'clock A. M., and the same afternoon the watch was in the possession of plaintiff in error, and by him sold to another party for one dollar and a quarter. Wood, the owner, testified the watch was worth about eight dollars, and no one placed a lower value upon it. Plaintiff in error attempted to account for his possession of the stolen property by swearing himself, and proving by one George Hohimer, that he purchased it of a stranger about two hours before he sold it, he swearing he paid one dollar for it, and Hohimer that the price paid was two dollars or two dollars and a half. The prisoner attempted also to give an account of his whereabouts on the forenoon of the day of the burglary, which account the evidence on behalf of the People tended to show was untrue. The evidence mainly relied upon to support the conviction was the possession of the stolen watch recently after the burglary, and the failure of the defendant to satisfactorily account for that possession.

Had the charge been the larceny of the watch, there could have been no question that the possession of it by the defendant under the circumstances proved would have made a *prima facie* case against him, and if the jury had not believed his explanation as to how he acquired that possession, (as they evidently did not here,) they would have been warranted, on that proof alone, in finding him guilty. The proof being clear that the watch was stolen at the time the burglary was committed, the possession of it so recently after the burglary is also *prima facie* evidence that the defendant committed the burglary. Possession of the fruits of a burglary immediately or soon

after the crime is committed, unexplained, is presumptive evidence that the party having that possession used the means by which the owner was deprived of it. *Smith* v. *The People,* 115 Ill. 20; *Davis* v. *The People,* Park. Cr. 447.

We think, in this case, the jury were fully justified in disbelieving the evidence of both the defendant and his witness Hohimer, as to the purchase of the watch. They contradict each other as to the amount paid for it. Neither of them pretends to give a description of the person from whom it was purchased. The evidence of the defendant that he bought a watch of the description of the one in question for the insignificant price of one dollar is unreasonable. The fact that any one would offer such a watch for that price would be notice that he had not come honestly by it. The haste with which the defendant sold it at much less than its value is also a circumstance tending to show that he did not purchase it in good faith.

The evidence of Hohimer has the appearance of being manufactured for the occasion, and we think the jury had a right to disregard it, without reference to the evidence introduced by the People for the purpose of impeaching him, though there was some evidence properly admitted tending to show that his general reputation for truth was not good. Several witnesses were called by the defendant in rebuttal to that testimony, each of whom stated that he did not know said Hohimer's reputation,—that they had never heard his reputation for truth and veracity called in question. Counsel for plaintiff in error now contend that the court below erred in refusing to instruct the jury to take into consideration that testimony in determining whether or not said Hohimer was entitled to belief, insisting that the fact that witnesses intimately acquainted with one whose reputation for truth is called in question, living in the same neighborhood with him, have never heard that reputation called in question, is evidence tending to support the witness. They say, the fact that a man's reputation for truth

is not discussed is evidence that his reputation is good. The question here, however, is, does such testimony tend to support a witness whose reputation has been discussed, as shown by the evidence of other witnesses. The evidence of witnesses in support of another witness is only admissible because the general reputation of that other has been assailed, and the rule is, without exception, that the witnesses speaking for or against the one assailed must first state that they know his general reputation,—that is to say, that they know what is generally said of him by "those among whom he dwells or with whom he is chiefly conversant, for it is this, only, that constitutes his general reputation or character." (1 Greenleaf on Evidence, sec. 461.) Suppose one or many witnesses swear that they know what is generally said of a person as to his truthfulness, and that his reputation thus established is bad, would the fact that others had never heard him spoken of in that regard tend to disprove the evidence of the impeaching witnesses? Clearly not. We think the court very properly refused the instruction asked.

The defendant also asked the court to instruct the jury that they must presume the defendant innocent of the crime charged until the evidence proved him guilty beyond a reasonable doubt, "and if it is possible, from the evidence, to account for the commission of the crime charged by some other person than the defendant," then they must find the defendant not guilty. To hold that that instruction lays down a correct rule of law would be to hold that a defendant charged with crime could never be convicted if there was evidence, however slight, tending to prove that some other person committed the offense, for in every such case it would be *possible* to account for the commission of the crime by that other person. The instruction is clearly erroneous.

We find no reversible error in this record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*