# W. T. Hays v. Emma Johnson.

1. IMPEACHMENT—*Of Witnesses—General Reputation Defined.*—General reputation is what is generally said of a person by those among whom he dwells or with whom he is chiefly conversant, and after witnesses have testified that a person's general reputation, thus established, is bad, the fact that others have never heard him spoken of in that regard does not tend to disprove the evidence of the impeaching witnesses.

2. SAME—*Proof as to General Reputation.*—A witness may know the general reputation of the person assailed in the community where he lives, and may testify that such reputation is good, although he may never have heard it discussed.

3. SAME—*Preliminary Questions—The Foundation to be Laid.*—The impeaching or sustaining witness must state that he knows the general reputation of the party among his neighbors, before he can be interrogated further on the subject.

4. INSTRUCTIONS—*On Impeachment—Province of the Jury.*—It is the sole province of the jury to determine what weight is to be given to a witness whose impeachment has been attempted, and it is not proper for the court to indicate that they should or should not disregard it.

5. SAME—*When Misleading as to the Preponderance of the Evidence.*—An instruction which tells the jury that the preponderance of the evidence does not consist alone in the number of witnesses testifying to a particular fact or state of facts, and then undertakes to tell them what they are to consider in determining upon which side the preponderance lies, but in so doing wholly omits the question of the number of witnesses, is erroneous, as misleading in its effect upon the jury.

6. EVIDENCE—*Preponderance Not Necessarily with the Greater Number of Witnesses.*—The preponderance of the evidence does not necessarily consist in the number of witnesses testifying to a particular fact or state of facts.

Action on the Case, under the dram-shop act. Error to the Circuit Court of Warren County; the Hon. GEORGE W. THOMPSON. Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 11, 1900.

COOKE & STEVENS and GEO. M. HOFFHEIMER, attorneys for plaintiff in error.

GRIER & STEWART and J. H. HANLEY, attorneys for defendant in error.

Opinion per Curiam.

This case was formerly before us on a writ of error then prosecuted by the present defendant in error, and is reported as Johnson v. Gram, 72 Ill. 676, in which a judgment in her favor for $275 was then reversed at her instance for errors appearing in the record. The facts of the case are sufficiently set forth in the opinion then rendered, and need not be here repeated. The second trial in the Circuit Court resulted in a disagreement. Upon a third trial defendant recovered a verdict for $2,250 against the present plaintiff in error, the suit having previously been dismissed as to all other defendants. On a motion for a new trial the court required the plaintiff to remit $500 from the verdict, which being done the motion for new trial was overruled and judgment rendered against plaintiff in error for $1,750, to reverse which he prosecutes this writ of error.

It is unfortunate that this judgment must be reversed after there have been so many trials of the cause, but we are constrained to hold that there are errors in the instructions which compel that result.

Defendant introduced witnesses who testified that they knew the general reputation for truth and veracity of certain witnesses for plaintiff in the community where they lived, and that it was bad. In rebuttal plaintiff called witnesses who testified they knew such general reputation of the witnesses assailed, and that it was good, and other witnesses who testified they did not know such general reputation of said parties but had never heard it questioned, and still other witnesses who, without answering whether they knew such general reputation or the parties assailed, said they had never heard it questioned. Thereupon the court at the request of plaintiff gave the jury the following instruction:

" 11. You are instructed that where a person has lived for a considerable length of time in the community, and is well known throughout that community, that the absence of anything being said in the community derogatory to his

truthfulness, if proven, is competent evidence to be considered by the jury in connection with all the evidence in the case to sustain his reputation as a truthful person."

If this instruction is in harmony with the rule laid down in 1 Thompson on Trials, Secs. 564, 565, and 29 Am. & Eng. Ency. of Law, 825, " Witnesses, 5b," and the authorities there cited, still a different rule has been established in this State. A similar instruction, offered under a like state of proof, was held properly refused in Magee v People, 139 Ill. 138. It was there held that general reputation is what is generally said of a person by those among whom he dwells or with whom he is chiefly conversant, and that after witnesses have testified that a person's general reputation thus established is bad, the facts that others never heard him spoken of in that regard does not tend to disprove the evidence of the impeaching witnesses. Gifford v. People, 148 Ill. 173, does not conflict with the case just cited. That decision is to the effect that a witness may know the general reputation of the person assailed, in the community where he lives, and may know and testify that such reputation is good, although he may not have heard it discussed; but it adheres to the principle well established in this State, that the impeaching or sustaining witness must state he knows the general reputation of the party among his neighbors before he can be further interrogated upon the subject.

Instruction number ten given for the plaintiff, told the jury that they should not disregard the testimony of a witness sought to be impeached, if they believe from the evidence that while upon the witness stand he gave a fair, candid and honest statement of the facts and circumstances surrounding the transaction. It is the sole province of the jury to determine what weight, if any, to give to the testimony of a witness whose impeachment has been attempted, and it is not proper for the court to indicate that they should or should not disregard it. Roach v. People, 77 Ill. 25; Otmer v. People, 76 Ill. 149; Haines v. People, 82 Ill. 430; Clevenger v. Curry, 81 Ill. 432; Ruddock v. Belton, 7 Ill. App. 517.

Hays v. Johnson.

Instruction number nine told the jury that the preponderance of evidence does not consist alone in the number of witnesses testifying to a particular fact or state of facts. It then undertook to tell the jury what they were to consider in determining upon which side the preponderance lay, but in doing so wholly omitted the question of the number of witnesses. This was apt to have a misleading effect upon the jury. It certainly is not always true that the preponderance does not consist alone in the number of witnesses on each side. The witnesses appearing to be of equal credit, and there being nothing else to impeach or contradict their testimony, the number of witnesses testifying on either side to a given fact, might, and no doubt would be, a controlling factor in determining where lay the preponderance or greater weight of the evidence. The latter part of the instruction wholly excluded that consideration from the jury and therefore should not have been given. (Eastman v. W. Chi. St. R. R. Co., 79 Ill. App. 585; Bisewski v. Booth, 100 Wis. 383.) There was a conflict in the testimony as to whether or not Johnson drank intoxicating liquor at all in the saloon of plaintiff in error, and it was important that if any instruction was given as to the elements from which the preponderance of the evidence might be determined, it should be accurate. The instruction might properly have said the preponderance of evidence did not necessarily consist in the number of witnesses testifying to a particular fact or state of facts, but it should have included the number of witnesses as one of the elements to be considered in determining which side had the preponderance.

For these errors in the instructions the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.