622    APPELLATE COURTS OF ILLINOIS.

Rubin Bros. Mfg. Co. v. Furniture Co., 167 Ill. App. 622.

## Rubin Bros. Mfg. Co., Appellant, v. A. J. Johnson & Sons Furniture Co., Appellee.

### Gen. No. 16,026.

1. VENDOR AND VENDEE—*when delivery excused.* If the vendee fails to make a payment when due the vendor is excused ·thereafter from making delivery under the terms of the contract.

2. VENDOR AND VENDEE—*what does not excuse failure to pay.* A vendee is not excused from his failure to make a payment accruing under an order for continuing deliveries by the fact that some of the merchandise delivered was defective.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the HON. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1909. Reversed and judgment here. Opinion filed February 26, 1912.

EDMUND S. CARR, for appellant.

CHARLES A. BUTLER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, the appellant here, brought suit against the defendant, the appellee here, before a justice of the peace to recover a balance claimed to be due for mirrors sold to the defendant, and there obtained a judgment. The defendant appealed to the Circuit Court and on a trial there before the Court without a jury was given a judgment on a set-off for the sum of $200 against the plaintiff, who comes here on appeal.

On November 21, 1904, the defendant ordered from the plaintiff in writing, and the plaintiff accepted the same in writing, five thousand mirrors of various sizes, describing them, to be delivered to the defendant "as wanted before June 15th, 1905" * * * "silvering guaranteed," with a discount from the price list

on payment as follows: "Discount 85 & 20 & 5%, terms 3% discount 10th of month following delivery of goods."

The defendant's set-off consisted of two claims; one for the cost of resilvering defective mirrors and the other for damages of $89.58 for failure to deliver the mirrors as ordered. The evidence is undisputed and the controversy here is only as to the finding of the Court and entering judgment thereon against the plaintiff for damages for non-delivery.

On June 15, 1905, about twenty-nine hundred mirrors had been delivered under the agreement in eleven different consignments, on which the defendant owed a balance of $569.10. July 11th the defendant paid thereon $350, with the statement that the balance, $219.10, would be paid on receiving another delivery of mirrors, which amount was paid after receiving the next and only other delivery. The mirrors were billed "3% 10 days"—"3% 10th of month" and "3% 10th of month or 30 days net."

On July 26, 1905, the plaintiff delivered 149 mirrors billed at, less the 80 & 20 & 5% discount, $125.61, and which were accepted by the defendant; for the payment of which the plaintiff brought the suit and the Court found the defendant owed the same and gave the plaintiff credit therefor on the set-off.

The defendant made repeated requests for other mirrors, and on September 16, 1905, made a demand for the balance of the mirrors, describing same, and stating that unless the same were delivered on or before September 25, 1905, they would purchase the same in the open market and hold the plaintiff liable for the difference, if any, in case they were obliged to pay therefor more than the prices agreed upon in said contract. The mirrors were not delivered by the plaintiff and the defendant purchased the same in the open market at an additional cost of $89.58, of which sum

624          APPELLATE COURTS OF ILLINOIS.

Rubin Bros. Mfg. Co. v. Furniture Co., 167 Ill. App. 622.

the defendant remitted $2.02 to bring the judgment to two hundred dollars.

The time of the payment for the mirrors seems uncertain; but giving the defendant the advantage of the most favorable construction of the contract by both parties under all the evidence, it was not later than thirty days after delivery. The last delivery was July 26th and the defendant not paying therefor was in default August 26th. The testimony was on behalf of plaintiff that it offered to make further deliveries on payment for those delivered. The defendant, refusing to make said payment, could not require a delivery of the remainder of the order. Bradley v. King, 44 Ill. 339; Burt v. Garden City Sand Co., 141 Ill. App. 603, affirmed 237 Ill. 473.

It is insisted by the defendant that the plaintiff was nevertheless first in default, because of its delivery of defective mirrors.

The evidence is that when the mirrors were packed for delivery there were no apparent defects, and the plaintiff had no notice of the claim for damages because of resilvering until the trial before the justice of the peace in January, 1906; and the defendant knew of said defective mirrors, but not knowing how many, or the extent of the same, made no complaint to the plaintiff thereof. Whether these facts would avail defendant is doubted, even under the rule suggested in Bradley v. King, *supra*. Under the law announced in Harber Bros. Co. v. Moffat Cycle Co., 151 Ill. 84, and Burt v. Garden City Sand Co., 237 Ill. 473, the claim for damages for defective mirrors did not excuse the defendant from making payment when due for the mirrors delivered, if it desired to hold the plaintiff liable for damages for failure to deliver mirrors subsequently ordered under the said contract.

In this view of the law it was error to give judgment against the plaintiff for $87.56 for damages for

non-delivery, and the judgment is reversed, and as the facts are undisputed, and the judgment for the balance is admitted to be correct, judgment is here entered against the plaintiff, the appellant here, for the sum of $112.44 with interest thereon from the date it was rendered, July 10, 1909, at the rate of five per centum per annum, and the costs of this appeal taxed against the appellee.

*Reversed and judgment here.*