CHICAGO—FIRST DISTRICT—AUGUST, 1912.    55

Southern Re-distilling & Rec. Co. v. Thurston & Co., 172 Ill. App. 55.

## Southern Re-distilling & Rectifying Company, Limited, Appellant, v. Frank W. Thurston & Company, Appellee.

### Gen. No. 16,481.

1. PAYMENT—*when claim of set-off amounts to offer of.* Where a vendee on receiving but part of a shipment of oil under a contract, when he is entitled to the whole, demands damages unless the rest of the shipment be guaranteed to sell at the minimum market price, and where on being refused he charges the amount of such damages against the contract price of the oil received and retained and notifies the vendor of such act, this constitutes a distinct offer to pay for the part received and retained.

2. CONTRACT—*modification.* Where a vendee receives but part of a shipment of oil under a contract when he is entitled to the whole, he may, on retaining the same and offering to pay therefor, stipulate as to future terms, and on a refusal to comply therewith may recover damages.

Appeal from the County Court of Cook county; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed August 12, 1912.

HAMLIN & BOYDEN, for appellant.

CHURCH & McMURDY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

On and prior to January 15, 1906, certain correspondence had between the appellant, Southern Re-distilling & Rectifying Company, doing business at New Orleans, Louisiana, and F. W. Thurston, doing business in Chicago as F. W. Thurston & Co., appellee herein, resulted in a contract, whereby appellant agreed to ship to appellee, during the months of February, March and April, 1906, twenty-five barrels of fusel oil at 80 cents per gallon delivered in Chicago, and appellee agreed to take the same at said price.

Appellant, having failed to make shipment of any oil during the time mentioned in the contract, appellee, on May 9, 1906, wrote to appellant calling its attention to such failure and requesting immediate shipment of the entire twenty-five barrels. Fusel oil was then quoted on the market at from $1.05 to $1.25 per gallon. On May 17th following, appellee, having received no response to his letter of May 9th, wired appellant to telegraph immediate answer to said letter. On the same day appellant wired appellee that it would make first shipment tomorrow, and wrote a letter confirming said wire and advising appellee that it would make a shipment of six barrels tomorrow, and that the balance would follow as soon as the oil could be manufactured. on May 18th appellant shipped to appellee five barrels of fusel oil, containing 236.50 gallons, and billed the same at $189.20, being 80 cents per gallon. On May 21st appellee wired appellant as follows:

"Market one five to twenty you must pay difference between contract and above minimum price or if shipped later on guarantee our selling at this figure telegraph answer."

On May 22d appellant wrote appellee, acknowledging receipt of said wire, and advising appellee that it would refuse to ship any more oil unless appellee waived his demand for a guarantee. On May 28th appellant made its sight draft on appellee for the shipment of May 18th, which draft appellee refused to pay. On June 12th appellee wrote to appellant reciting the former correspondence between the parties and informing appellant that, as it had failed to perform the contract, appellee had charged its account with 25 cents per gallon on the undelivered twenty barrels of oil, as and for the damage to appellee, and that appellee would decline to accept any future shipments except in accordance with the terms of the telegram of May 21st.

Thereafter appellant brought this suit against ap-

pellee in the County Court in *assumpsit* upon a *quantum meruit* for the price of the five barrels of oil shipped on May 18th. To appellant's declaration, consisting of the common counts, appellee filed a plea of *non assumpsit* and a special plea of set-off of damages. resulting from the failure of appellant to deliver the remaining twenty barrels of oil under the contract. A trial by the court without a jury resulted in a finding in favor of appellee on his plea of set-off and a judgment against appellant for $45.71.

Appellant does not question the amount of the recovery, if damages are recoverable, but predicates its rights to a reversal of the judgment upon the ground that appellee is entitled to recover no damages whatever under his plea of set-off, and insists that it is entitled to recover the price of the five barrels of oil shipped to appellee.

In support of its position appellant relies upon the general rule stated in Harber Bros. Co. v. Moffat Cycle Co., 151 Ill. 84, that where a vendee has accepted goods delivered under an express contract, but not at the time or in the quantity required by it, with knowledge of the default of the vendor in those respects, and has himself failed, without legal excuse, to pay for them according to it, he cannot maintain an action on the contract for such default of the vendor. The application of this rule is invoked upon the ground that appellee was himself in default in having failed to pay for the five barrels of oil shipped on May 18th.

While the time of payment is not mentioned in the contract, it is practically conceded that in the usual course of business payment was to be made in ten days after shipment. Appellee's letter of May 9th constituted a waiver by him of the time within which shipment was to be made under the contract, providing appellant would then ship the twenty-five barrels of oil immediately. It was then incumbent upon appellant either to ship all of said oil immediately or to

advise appellee that it was unable to do so. Appellant was not authorized to ship five barrels and withhold shipment of the remaining twenty barrels until such time as the oil could be manufactured. Payment for the shipment of the five barrels on May 18th was not due until May 28th, and on May 21st, before he was in default, appellee informed appellant that it would be required to pay appellee the difference between $1.05 per gallon and the contract price, unless it would guarantee the sale of the oil by appellee at $1.05 per gallon, if shipped later on. As appellant was then in default and liable to respond in damages to appellee, the guarantee proposition made by appellee was most favorable to appellant, because appellant's possible liability for damages was thereby limited to the difference between the contract price and the then prevailing minimum market price of the oil. Upon the refusal on May 22d of appellant to ship the remaining twenty barrels of oil immediately, and before default of appellee in the payment for the five barrels of oil, Thurston testified that he paid for said five barrels of oil by charging appellant's account with $235, as damages resulting from the failure of appellant to ship the twenty barrels of oil, the amount of said damages being the difference between the contract price of 80 cents per gallon and the then prevailing minimum market price of $1.05 per gallon.

An exception to the general rule, stated as above in Harber Bros. Co. v. Moffat Cycle Co., and recognized in that case, is announced in Bradley v. King, 44 Ill. 339, to the effect that a vendee, entitled to damages for the default of the vendor, may pay for a portion of the goods received and retained by setting off the damages, providing the vendee makes a distinct offer so to do; and that if such damages are equal to the value of the goods received and retained by the vendee, such offer is equivalent to performance by the vendee.

In Finch & Co. v. New Ohio Washed Coal Co., 156

Ill. App. 589, it was held that an offer to offset defendant's claim for money due against plaintiff's claim for breach of a contract, was, in case the latter justly exceeds the former, equivalent to a tender of money due. In that case a mere statement sent by the plaintiff to the defendant, charging defendant's account with the amount of damages claimed by the plaintiff, was held to constitute an offer within the meaning of the rule.

In the case at bar appellee by his special plea avers that the damages due him exceed the amount due appellant, and appellee offers thereby to set off the same. Appellee's telegram of May 21st to appellant, advising it, in substance, that it must pay damages unless it would guarantee the selling of later shipments at the then minimum market figure, together with the act of appellee, on May 22d, of charging the amount of such damages against the contract price of the five barrels of oil then received and retained, and the letter of June 12th, wherein appellee advised appellant that its account had been charged with 25 cents per gallon on the undelivered twenty barrels of oil, as and for appellee's damages, constituted, within the meaning of the rule, a distinct offer by appellee to appellant to pay for the five barrels of oil received and retained by off setting appellee's damages for the failure of appellant to ship the remaining twenty barrels of oil.

The finding and judgment of the County Court accomplished substantial justice, under the law, and such judgment will, therefore, be affirmed.

*Judgment affirmed.*