included the periods of absence, but without any deduction from his wages because thereof, and no objection on account of such absences was raised until after he had left the employment, evidence *held* sufficient to sustain the finding of the jury in favor of the plaintiff that no deductions from his salary for his periods of absence should be made.

2. COSTS, § 67*—*when statutory damages for prosecuting appeal for delay will be assessed.*  Statutory damages should be assessed where the grounds presented for reversal are so clearly without merit as to force the conclusion that they were brought for the purpose of delay.

---

**Louis Waldschmidt et al., copartners, trading as Dunbar Mill & Lumber Company, Defendants in Error, v. The Marsh & Bingham Company, Plaintiff in Error.**

### Gen. No. 21,660.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Affirmed.  Opinion filed February 7, 1917.

### Statement of the Case.

Action by Louis Waldschmidt, Jesse W. Rule and Samuel B. Brown, copartners, trading as Dunbar Mill & Lumber Company, plaintiffs, against the Marsh & Bingham Company, defendant, to recover a balance due for lumber shipped under a written contract which called for a much larger shipment, to which a set-off was filed claiming damages for failure to ship the balance of the lumber.  From a judgment for plaintiff, defendant brings error.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error; GEORGE B. McKIBBIN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Samuel Friedlander, for defendants in error.

Mr. Justice Goodwin delivered the opinion of the court.

### Abstract of the Decision.

1. **Sales, § 320\*—***when defendant may not recover on set-off for failure to deliver remainder of lumber on contract.* Where the sellers of a quantity of lumber refused to make further shipments under the contract with the purchaser on the ground that the purchaser had improperly rejected a large part of past shipments, and brought an action for deliveries already made, and defendant interposed a claim of set-off for damages for failure to deliver the remainder of the lumber under the contract, *held* that plaintiffs were entitled to recover although they may have been first in default for failing to make timely shipments, even if time were of the essence of the contract, where the purchaser had made no objection on that ground and insisted on further shipments.

2. **Sales, § 309\*—***when immaterial whether contract is severable or entire.* Under a contract for shipment of a quantity of lumber purchased, where the purchaser was guilty of a breach of the contract which entitled the seller to refuse to make further shipments, *held* that the seller would be entitled to recover for past deliveries and no question would arise as to whether the contract was severable or entire.

\*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.