**Reskie, Kirshbaum & Company, Appellant, v. H. Walzer, trading as H. Walzer & Company, Appellee.**

**Gen. No. 24,770.**

1. CONTRACTS, § 323*—*what is effect of breach of contract by both parties.* When both parties to a contract have breached the agreement, neither is entitled to the aid of the law in enforcing an action for damages for a claimed breach thereof by the other.

2. SALES, § 114*—*what is breach of contract by purchaser.* Refusing to accept goods contracted for because better goods had been obtained elsewhere for less money is a breach of the contract.

3. CONTRACTS, § 318*—*what is breach of severable contract.* When a contract consists of two parts which are severable, a re-

fusal by defendant to perform the second part because plaintiff had breached the first part constitutes a breach of the contract by defendant.

4. Contracts, § 323*—*what is effect of breach of severable contract by both parties.* When a severable contract, consisting of an agreement by defendant to furnish two separate lots of goods, was breached by plaintiff wrongfully refusing to accept the first lot, whereupon defendant. elected to repudiate the whole contract, both parties are in default in performance of the contract, and neither can maintain an action for its breach by the other.

· 5. Appeal and error, § 1802*—*when remandment not made upon reversal.* Where a judgment upon a counterclaim in an action upon a contract was reversed because neither party had a right of action against the other under the contract, the cause was not remanded.

Appeal from the Municipal Court of Chicago; the Hon. John A. Swanson, Judge, presiding. Heard in this court at the October term, 1918. Reversed without remanding. Opinion filed March 10, 1919.

Sonnenschein, Berkson, Lautmann & Levinson, for appellant.

Max Luster, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

Into this litigation is projected a claim and counterclaim. On a trial before the court defendant prevailed and obtained a finding and judgment for $1,500 against plaintiff on his counterclaim, to reverse which plaintiff prosecutes this appeal.

Plaintiff manufactures ladies' garments and deals in them at wholesale. The defendant is a furrier. On February 24, 1916, the parties entered into a contract of a dual character. Defendant was to trim certain sample garments belonging to plaintiff with various kinds of fur, among which were opossum, racoon, skunk and beaver. The first part of the contract amounted in money, under the schedule of prices con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tained in it, to $399.25. These goods were to be delivered by April 1, 1916. The second part of the contract called for 750 dozen yards of various kinds of skins of the character above mentioned at varying prices, totaling $10,695, which were to be delivered in instalments beginning July 1, 1916, and ending November 15, 1916.

In arriving at a conclusion in this case we shall disregard all questions raised and discussed in the briefs except as they may relate to and have bearing upon the point upon which our decision rests, which is that both parties breached the contract and that therefore neither is entitled to the aid of the law in enforcing an action for damages for any claimed breach thereof by the other party.

Defendant completed the first part of the contract and delivered the goods to plaintiff within the contract time. Plaintiff made a captious objection, which defendant remedied, and again delivered the goods to plaintiff, which goods plaintiff again refused to keep and returned the same to defendant. There was some correspondence upon the subject, and it appears that Mr. Kirshbaum of the plaintiff company told defendant Walzer that they had bought better goods and paid less money for them. This, we think, sufficiently explains the reason for plaintiff's refusing to accept the goods. In so doing, plaintiff breached the contract.

If the contract were not severable, this breach of itself would entitle defendant at his option to refuse to be further bound by it. Defendant refused thereafter to fulfil the second part of the contract and in that way breached that part of the contract, for which breach plaintiff brings this suit to recover damages.

The contract being severable, had plaintiff not been in default by its breach of the first part of the contract it could have maintained its action for damages by reason of defendant's breach of the second part of the contract. When plaintiff breached the first part of the

contract defendant elected to and did repudiate any further liability under the same, saying "that he was through with the whole business." In *Lake Shore & M. S. Ry. Co. v. Richards,* 152 Ill. 59, it was held that where one party repudiates the contract, the injured party has an election to pursue either of three remedies. He may (1) treat the contract as rescinded and recover upon *quantum meruit* so far as he has performed; or (2) keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified sue and recover under the contract; or (3) treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing, continuing the contract in force for the latter purpose only.

In the *Richards* case, *supra,* it was held that the injured party must allege and prove performance on his part, or a legal excuse for nonperformance. Under the evidence before us, the *Richards* case has no application because plaintiff has neither proven performance of its part of the contract nor any legal excuse for nonperformance.

We think this case falls within the reason and logic, both on fact and principle, of *Harber Bros. Co. v. Moffat Cycle Co.,* 151 Ill. 84, in which the court, *inter alia,* said:

"The question here distinctly presented as the controlling one, is whether a vendee who has accepted goods delivered under an express contract, but not at the time or in the quantity required by it, with knowledge of the default of the vendor in those respects, but has himself failed, without legal excuse, to pay for them according to it, can maintain an action on the contract for such a default of the vendor. We think the general rule, everywhere recognized, is against it, and has been specifically so applied in analogous cases in Illinois. *Pennsylvania Coal Co. v. Ryan,* 107 Ill.

226; *Bradley v. King,* 44 Ill. 339; *Stewart v. Many,* 7 Ill. App. 517.''

As said in the *Harber* case, *supra,* the plaintiff was not seeking damages as on an implied agreement nor by way of recoupment, but by action on the express contract, and in commenting upon these facts the court said:

''We understand it to be an elementary and inflexible rule in such case, that it must aver and prove it is not itself in default as to the agreement for the breach of which   *   *   *   it brings the suit.''

Such is the condition in the instant case. The suit by plaintiff is on the contract which it having inexcusably breached puts it out of court. As further said in the *Harber* case:

''The parties then being alike in default, how can either maintain an action, upon the contract, for its breach by the other? What hinders the application of the rule in such case that *potior est conditio defendentis?''*

Both plaintiff and defendant are in default in performance of the contract in suit; therefore neither party can maintain an action for damages for its breach by the other, neither having shown a legal excuse for nonperformance. *Bradley v. King,* 44 Ill. 339.

The judgment of the Municipal Court is reversed, and as neither party has a right of action against the other under the contract, the cause is not remanded.

*Reversed without remanding.*