382    APPELLATE COURTS OF ILLINOIS.

Consumers Mut. Oil Co. v. Western Petroleum Co., 216 Ill. App. 382.

## Consumers Mutual Oil Company, Appellee, v. Western Petroleum Company, Appellant.

### Gen. No. 25,368.

1. APPEAL AND ERROR, § 866*—*what abstract must show.* On an appeal, the abstract is the pleading of the parties and it must show sufficient of the proceedings in the trial court to support the errors assigned upon the record.

2. APPEAL AND ERROR, § 887*—*when recitations in abstract are too meager to present anything for review when one of errors challenges judgment.* Recitations in an abstract merely stating that motions for new trial and in arrest of judgment were overruled and concluding "order, plaintiff have judgment on verdict and recover from defendant its costs and execution issue," are too meager to present anything for review, when one of the errors challenges the judgment.

3. CONTRACTS, § 323*—*right of person first breaching contract to sue for damages.* A person who first breaches a contract cannot maintain an action for damages against the other party thereto for a failure to further proceed to carry out such contract subsequently to such breach.

4. SALES, § 320*—*when defendant in action for fuel oil sold and delivered cannot maintain set-off for damages.* In an action for fuel oil sold and delivered where the defendant interposed a set-off for damages for breach of contract, and it appeared that the defendant was in default in payment for the goods received, it could not maintain its set-off for damages, as a party claiming damages for breach of contract must aver and prove that he is not in default as to the agreement which is broken.

5. SALES, § 328*—*when proper, in action for fuel oil sold and delivered, for court to direct verdict for plaintiff.* In an action for fuel oil sold and delivered, a question as to the right of defendant to maintain a set-off for breach of the contract was one of law, and on deciding that the set-off could not be maintained it was proper for the court to peremptorily instruct the jury to return a verdict for the plaintiff.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed January 26, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DAVID D. STANSBURY, for appellant; MARCUS R. HART, of counsel.

HOAG & ULLMANN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant prosecutes this appeal in an effort to have this court reverse a judgment for $3,753.05 against it and in favor of plaintiff.

As the courts of review in this State have frequently said, the abstract is the pleading of the parties and it must show sufficient of the proceedings in the trial court to support the errors assigned upon the record. One of such errors challenges the judgment. The place in the abstract for the judgment to be made manifest is in the abstract of the statutory record. What we find is the following:

"Instruction directing verdict for plaintiff." "Verdict." "Motion for a new trial; overruled." "Motion in arrest of judgment; overruled." "Order, plaintiff have judgment on verdict and recover from defendant its costs and execution issue."

Under repeated rulings these meager recitations in the abstract present nothing for our review; notwithstanding this state of the record, however, we will briefly discuss the crucial questions involved.

Plaintiff bases its claim on fuel oil sold and delivered to defendant. Of this claim there is no serious dispute. Defendant interposed a set-off for damages arising from an alleged breach of contract by plaintiff.

There are dual theories regarding the relation of the parties to each other. Plaintiff contends that the indebtedness of defendant to it arises from certain specified and separate orders for fuel oil to be, and which was, delivered by plaintiff to the several concerns as directed by defendant. On the other hand,

defendant insists that there existed between itself and plaintiff a contract resting in parol and made November 1, 1916, for the delivery to consignees to be named by it of twenty-five tank cars of fuel oil at the then market price.

We think it of little moment, under the law controlling the rights of the parties, which of these two contentions is established by the proofs, because plaintiff refused further deliveries on the ground that defendant was in default in paying for the oil already delivered. Whatever might be the decision of the contention as to which of the two contracts the fuel oil in suit was delivered under, defendant was undeniably in default in its payment therefor. On its own proof it had breached its contract; it was therefore in no position to maintain its set-off for damages, even conceding that defendant's contention as to the contract between the parties was sustained. Had defendant not been in default in making payments for oil delivered, thereby breaching its contract which it claimed it had with plaintiff, if it had by a preponderance of the evidence established such contract, then it would have been in a position to claim such damages as it might have suffered for plaintiff's breach thereof, either by set-off, recoupment or in an independent action. It is, however, a legal axiom that he who has first breached a contract cannot maintain an action for damages against the other party thereto for a failure to further proceed to carry out such contract subsequent to such breach. In *Harber Bros. Co. v. Moffat Cycle Co.*, 151 Ill. 84, a case cited to us by counsel for each contestant, the court said:

"Nor do we see how it could take advantage of appellee's default, even if it were here seeking to do so by way of set-off or recoupment. Set-off is a counter-claim, as to which the defendant is plaintiff, and must establish his right as upon a distinct action; and, therefore, if for breach of contract, must show he is

not himself in default as to the agreement.    *   *   * ''

It was further held to be an elementary and inflexible rule that a party suing for damages for a breach of a contract must not only aver but prove he is not himself in default as to the agreement for the breach of which the suit is brought; and again the court said in the *Harber* case, *supra:*

"The question here distinctly presented as the controlling one, is whether a vendee who has accepted goods delivered under an express contract, but not at the time or in the quantity required by it, with knowledge of the default of the vendor in those respects, but has himself failed, without legal excuse, to pay for them according to it, can maintain an action on the contract for such a default of the vendor.   We think the general rule, everywhere recognized, is against it, and has been specifically so applied in analogous cases in Illinois.   *Pennsylvania Coal Co. v. Ryan,* 107 Ill. 226; *Bradley v. King,* 44 Ill. 339; *Stewart v. Many,* 7 Ill. App. 517."

This case is directly contrary to defendant's contention, and other cases will be found in the books to a like effect.

The argument in the *Harber* case was that the plaintiff first breached the contract so that at the time the cycles were delivered for which defendant did not pay, the damages then suffered more than offset such claim. This was, however, held to be fallacious and impotent to defeat plaintiff's claim for goods delivered under the contract and received by defendant, who breached the contract by failing to pay therefor according to its terms.

In *Davenport Vinegar & Pickling Works v. Glaser, Kohn & Co.,* 150 Ill. App. 567, it was held that upon the nonpayment of an instalment due on a contract, the party entitled to the payment may abandon the same and sue for and recover the amount due thereunder according to the terms of the contract.   *Keeler v. Clifford,* 165 Ill. 544.

It was held in *Patten v. Iroquois Furnace Co.*, 124 Ill. App. 1, that recoupment could not be maintained for failure of the plaintiff to complete the contract sued upon where the contract was properly abandoned by reason of defendant's default. *Chicago Washed Coal Co. v. Whitsett*, 278 Ill. 623; *Waldschmidt v. Marsh & Bingham Co.*, 203 Ill. App. 365.

It was held in *North Shore Lumber Co. v. South Side Lumber Co.*, 176 Ill. App. 96, that in an action for the price of lumber delivered under a contract, the defendant, in order to maintain a claim of set-off, must show that he is not in default of such contract.

There are other questions raised and discussed in the briefs of counsel, but we do not regard them as necessary to our decision, for the conclusions at which we have arrived as above outlined are decisive against defendant's right to maintain its set-off, without regard to every other question raised. Consequently the questions of the validity of the parol contract being obnoxious to the statute of frauds or whether the set-off is for liquidated or unliquidated damages, are of no controlling importance.

The question of the right of the defendant to maintain its set-off being one of law, it was proper for the court to peremptorily instruct the jury as to its verdict.

The judgment of the municipal court being without error is affirmed.

*Affirmed.*